

# NUMBER 13-11-00207-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**LASHUNDA LYNETTE NOBLES,**       **Appellant,**

**v.**

**THE STATE OF TEXAS,**       **Appellee.**

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Chief Justice Valdez

A Jefferson County grand jury indicted appellant, Lashunda Lynette Nobles, for the offense of possession of less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010); *see also id.* § 481.102(3)(D) (West 2010). Pursuant to a plea agreement with the State, Nobles pleaded guilty to this

offense.  The trial court placed Nobles on deferred adjudication community supervision for a term of three years and assessed a $500.00 fine.

The State then filed a motion to revoke alleging that Nobles had violated five conditions of her community supervision.  Nobles pleaded "true" to two of those violations.  The trial court found the five violations to be true, revoked Nobles's community supervision, found her guilty of the charge of possession of cocaine, and assessed punishment of confinement in the state jail for two years.  The trial court certified Nobles's right to appeal, and this appeal followed.  We affirm.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Nobles's appellate counsel has filed a brief with this Court stating that after diligently reviewing the record and researching the law, he has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated.  Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Nobles's counsel has carefully discussed why, under controlling authority,

there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served copies of the brief and counsel's motion to withdraw on Nobles; and (3) informed Nobles of her right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Nobles has not filed a pro se response.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] We note that this Court granted a motion filed by appellate counsel requesting that Nobles be given thirty days after she received the record to file her pro se response. Appellate counsel has certified that he sent the record to Nobles at the time of filing the *Anders* brief on June 15, 2011. Therefore, Nobles has had more than thirty days from receipt of the record to file her pro se response.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Nobles's attorney has asked this Court for permission to withdraw as counsel.    *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Nobles and advise her of her right to file a petition for discretionary review. [3]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
20th day of October, 2011.

---

[3] No substitute counsel will be appointed.  Should Nobles wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.